UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 11475 NMG

*************************

| | | |
|---|---|---|
| DAVID B. KAPLAN, Esq. | * | C.A. NO.: |
| Plaintiff | * | |
| | * | |
| v. | * | COMPLAINT |
| | * | |
| WARREN ALEXANDRA, | * | |
| F/V ODYSSEY, and | * | MAGISTRATE JUDGE Bowler |
| ODYSSEY SCALLOP CO., INC. | * | |
| Defendants | * | |

*************************

## THE PARTIES

1. The plaintiff, David B. Kaplan, Esq., resides in Quincy, Massachusetts and at all times hereinafter referred to, is an attorney representing Mr. Russell Lee Brown, a Jones Act seaman injured while serving aboard the F/V ODYSSEY.

2. The defendant, Warren Alexandra, currently resides in New Jersey and is the operator and manager of the F/V ODYSSEY.

3. The defendant, Odyssey Scallop Co., Inc., is a duly organized corporation existing under the laws of the State of New Jersey, and at all times hereinafter referred to, owned, operated and controlled the F/V ODYSSEY and employed the Mr. Russell Lee Brown.

## JURISDICTION

Jurisdiction in this case is based on diversity pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

4. Mr. Russell Lee Brown was injured on or about August 28, 2003 while serving as a member of the crew of the F/V ODYSSEY. While the F/V ODYSSEY was in navigable waters

and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries.

5.  On September 9, 2003, Mr. Brown entered into a contingent fee agreement with the plaintiff. Thereafter, a complaint was filed in the case on October 28, 2003 in the United States District Court for the District of Massachusetts (Docket No.: 03-01096-GAO).

6.  On Nov. 13, 2003, the defendant filed an answer to the complaint along with a notice of appearance.

7.  Both parties have conducted extensive discovery including: requests for production of documents, interrogatories, and supplemental interrogatories.

8.  On or about June 4, 2004, Mr. Brown was contacted by a friend/fisherman regarding renewing his employment with the F/V Odyssey. Mr. Brown went to the vessel to inquire about a site (employment with the vessel), however, when he arrived at the vessel he was advised by the captain, Kenny Brown, that he would have to speak with the owner and manager, Warren Alexandra.

9.  On that same day, Mr. Brown spoke with the defendant, Warren Alexandra, concerning a potential site on the F/V Odyssey. Mr. Brown was informed that a site was available but only if he would waive his claim against the vessel and discharge his attorney, the plaintiff. Mr. Brown then signed a handwritten letter drafted by the defendant, addressed to the plaintiff which read, "Mr. Kaplan, I Russel [sic] Brown will no longer be pursuing the lawsuit against the F V Odyssey. Thank you, Russell Brown. Witness Illegible signature."

COUNT I
(David B. Kaplan, Esq. v. Warren Alexandra
Intentional Interference with Contract Relations)

10. Paragraphs 1-9 are realleged and incorporated herein.

11. At all times relevant hereto a contract existed between the plaintiff, David B. Kaplan, Esq., and Mr. Russell Lee Brown.

12. The defendant Warren Alexandra knew of the contractual relationship between David B. Kaplan, Esq., and Mr. Russell Lee Brown and intentionally interfered with that contractual relationship.

13. As a result of said intentional interference, the plaintiff has suffered loss of the benefits of the contract, loss of expenses and costs expended in pursuit of Mr. Russell Lee Brown's case, and has suffered damage to his business reputation.

### REQUEST FOR RELIEF

1. Under Count I, that this court enters judgment in favor of the plaintiff against the defendant, Warren Alexandra.

2. For such other relief as this court deems appropriate.

### COUNT II
(David B. Kaplan, Esq. v. F/V Odyssey and Odyssey Scallop Co., Inc.
Intentional Interference with Contract Relations)

14. Paragraphs 1-13 are realleged and incorporated herein.

15. At all times relevant hereto a contract existed between the plaintiff, David B. Kaplan, Esq., and Mr. Russell Lee Brown.

16. The defendants F/V Odyssey and Odyssey Scallop Co., Inc. knew of the contractual relationship between David B. Kaplan, Esq., and Mr. Russell Lee Brown and intentionally interfered with that contractual relationship.

17. As a result of said intentional interference, the plaintiff has suffered loss of the benefits of the contract, loss of expenses and costs expended in pursuit of Mr. Russell Lee Brown's case, and has suffered damage to his business reputation.