UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-11475-NMG

DAVID B. KAPLAN, Esq.
          Plaintiff,

vs.

WARREN ALEXANDER,
F/V ODYSSEY and
ODYSSEY SCALLOP CO., INC.
          Defendant.

## DEFENDANTS, WARREN ALEXANDER'S and ODYSSEY SCALLOP CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST THE PLAINTIFF

Now come the defendants, Warren Alexander and Odyssey Scallop Co., Inc., in the above entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and file their Answer to plaintiff's Complaint and their Counterclaims against the plaintiff as follows:

### THE PARTIES

1.   The defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny same.

2.   The defendants admit the residence of Warren Alexander, but deny the remaining allegations contained in Paragraph 2.

3.   The defendants admit the allegations in Paragraph
     3, but specifically deny the employment of Mr.
     Russell Lee Brown at all material times herein.

## JURISDICTION

The defendants deny the allegations of
jurisdiction in this paragraph.

## FACTUAL ALLEGATIONS

4.   The defendants admit that Russell Lee Brown was
     serving as a member of the crew of the F/V ODYSSEY
     on August 28, 2003, but deny all the remaining
     allegations contained in Paragraph 4.

5.   The defendants admit that a Complaint was filed on
     October 28, 2003 in the United States District
     Court for the District of Massachusetts (Docket
     No: 03-12096-GAO), but are without personal
     knowledge or information sufficient to form a
     belief as to the truth of the remaining
     allegations contained in Paragraph 5 and therefore
     deny same.

6.   The defendants admit that Odyssey Scallop Co.,
     Inc. filed an Answer and Appearance in the subject
     cause of action.

7.   The defendants admit that limited discovery has been exchanged between the parties in the subject cause of action.

8.   The defendants are without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore deny same.

9.   The defendants deny the allegations contained in Paragraph 9.


### COUNT I
### (Warren Alexander - Intentional Interference with Contract Relations)

10.   The defendant reiterates and reaffirms his answers to the allegations set forth in Paragraphs 1 through 9 inclusive and incorporate same as if fully set forth herein.

11.   The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies same.

12.   The defendant denies the allegations in Paragraph 12.

13.   The defendant denies the allegations in Paragraph 13.

## REQUEST FOR RELIEF

**WHEREFORE** the defendant, Warren Alexander, prays that this Honorable Court dismiss with prejudice Count I of Plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT II
### (Odyssey Scallop Co., Inc. - Intentional Interference with Contract Relations)

14.    The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 13 inclusive and incorporate same as if fully set forth herein.

15.    The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies same.

16.    The defendant denies the allegations in Paragraph 16.

17.    The defendant denies the allegations in Paragraph 17.

## REQUEST FOR RELIEF

**WHEREFORE** the defendant, Odyssey Scallop Co., Inc., prays that this Honorable Court dismiss with prejudice Count

II of Plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT III
### (Warren Alexander - Intentional Interference with Business and Advantageous Relations)

18. The defendant reiterates and reaffirms his answers to the allegations set forth in Paragraphs 1 through 17 inclusive and incorporate same as if fully set forth herein.

19. The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies same.

20. The defendant denies the allegations in Paragraph 20.

21. The defendant denies the allegations in Paragraph 21.

## REQUEST FOR RELIEF

**WHEREFORE** the defendant, Warren Alexander, prays that this Honorable Court dismiss with prejudice Count III of Plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT IV
### (Odyssey Scallop Co., Inc. - Intentional Interference with Business and Advantageous Relations)

22.   The defendant reiterates and reaffirms its answers to the allegations set forth in Paragraphs 1 through 21 inclusive and incorporate same as if fully set forth herein.

23.   The defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore denies same.

24.   The defendant denies the allegations in Paragraph 24.

25.   The defendant denies the allegations in Paragraph 25.

## REQUEST FOR RELIEF

**WHEREFORE** the defendant, Odyssey Scallop Co., Inc., prays that this Honorable Court dismiss with prejudice Count IV of Plaintiff's Complaint together with costs and reasonable attorneys fees.

## AFFIRMATIVE DEFENSES

Now comes the defendants and incorporate the following Affirmative Defenses into each Count of their Answer as more fully appears below.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE
**DEFENSE**, the defendants state that the plaintiff has failed
to state a cause of action upon which relief can be granted
under the **Counts I, II, III and IV** because the underlying
personal injury cause of action (Docket Number 03-01096-GAO)
has not been dismissed and therefore the plaintiff has
suffered no damages and this action is premature.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE
**DEFENSE**, the defendants state that the plaintiff has failed
to state a cause of action upon which relief can be granted
under the **Counts I, II, III and IV** because no personal
injuries were suffered as alleged by Russell Lee Brown in
the underlying cause of action and therefore the plaintiff
was not entitled to any contingency fee and/or expense
recovery.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
**DEFENSE**, the defendants state that no damages were sustained
as alleged to the plaintiff's contractual and business
relationships with Russell Lee Brown and if it did, which is
specifically denied, the plaintiff sustained damages due to
the action and/or omissions of individuals for whom the
defendants are not legally responsible.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE
**DEFENSE**, the defendants state that no damages were sustained

as alleged to the plaintiff's contractual and business relationships with Russell Lee Brown and if it did, which is specifically denied, the plaintiff suffered damages due in whole or in part to the plaintiff's own failure to properly represent Russell Lee Brown and not due to any intentional act on the part of the defendants nor any person or persons for whom the defendants may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that no damages were sustained as alleged to the plaintiff's contractual and business relationships with Russell Lee Brown and if it did, which is specifically denied, the plaintiff suffered damages without the defendants' knowledge of the plaintiff's contractual and business relationships with Russell Lee Brown.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that no damages were sustained as alleged to the plaintiff's contractual and business relationships with Russell Lee Brown and if it did, which is specifically denied, the plaintiff suffered damages because Russell Lee Brown willingly and voluntarily terminated his contractual and business relationship with the plaintiff without any improper influence or persuasion from the defendants.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that no damages were sustained as alleged to the plaintiff's contractual and business relationships with Russell Lee Brown and if it did, which is specifically denied, the plaintiff is only entitled to recover the fair value or services rendered by him, the quantum meruit.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that no damages were sustained as alleged to the plaintiff's contractual and business relationships with Russell Lee Brown and if it did, which is specifically denied, the damages were caused without the fault, knowledge, or privity of the defendants; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendants herewith claim benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendants, 46 USCA, Appx. § 183 (b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that the plaintiff has failed to establish *In Rem* jurisdiction over the vessel.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendants state that the plaintiff is not entitled to a jury trial as a matter of law.

**WHEREFORE**, the defendants pray that the above **Complaint** be dismissed with prejudice together with costs and reasonable attorney's fees.

## DEFENDANTS' COUNTERCLAIMS AGAINST THE PLAINTIFF

Now come the defendants, Warren Alexander and Odyssey Scallop Co., Inc., in the above entitled action, by and through their undersigned counsel, Clinton & Muzyka, P.C., and file their Counterclaims against the plaintiff as follows:

1.  The defendant/plaintiff-in-counterclaim, Warren Alexander, is an individual residing at 3 Elizabeth Drive, Warren, RI 02885 and at all material times herein was and now is the President of Odyssey Scallop Co., Inc.

2.  The defendant/plaintiff-in-counterclaim, Odyssey Scallop Co., Inc., is a corporation duly organized and existing under the laws of a foreign jurisdiction with a usual place of business at 607 Seashore Road, Cape May, NJ 08204.

3.  The plaintiff/defendant-in-counterclaim, David B. Kaplan, is an attorney licensed to practice law within the Courts of the Commonwealth of Massachusetts with a principal place of business

located at the Boston Fish Pier, West Building, Suite 304, Boston, MA 02210.

## JURISDICTION

4. This action is properly before this Honorable Court pursuant to diversity of citizenship jurisdiction, 28 U.S.C. § 1332 and the supplemental jurisdiction, 28 U.S.C. § 1367, of this Court.

## FACTUAL BACKGROUND

5. On or about October 28, 2003, David B. Kaplan, Esquire commenced a personal injury civil action against Odyssey Scallop Co., Inc. on behalf of Russell Lee Brown. This Court assigned Civil Action No. 03-10296-GAO to that action filed by David B. Kaplan.

6. Upon information and belief and on or about June 4, 2004, Russell Lee Brown informed David B. Kaplan, in writing, that he no longer wished to pursue the personal injury civil action against Odyssey Scallop Co., Inc.

7. On or about June 4, 2004, Russell Lee Brown informed Warren Alexander that he no longer wished

to pursue the personal injury civil action against Odyssey Scallop Co., Inc.

8.   David B. Kaplan has not discontinued, terminated or dismissed the underlying personal injury civil action (Civil Action No. 03-10296-GAO).  It remains pending in full force and effect.

9.   On or about June 28, 2004, David B. Kaplan, on his own behalf, filed this action against the defendants, Warren Alexander and Odyssey Scallop Co., Inc., seeking to recover monetary damages consisting of the alleged benefits of his contract, expenses and costs incurred, and damages to his business reputation.

10.  Upon filing this action against the defendants, Warren Alexander and Odyssey Scallop Co., Inc., David B. Kaplan knew or should have known that his claims were groundless because Civil Action No. 03-10296-GAO had not been dismissed and he has suffered no damage.

11.  As a result of this litigation, Warren Alexander and Odyssey Scallop Co., Inc. had to retain counsel for defense, incur legal fees, and expenses for a groundless civil action commenced by David B. Kaplan.

**COUNT I**
**(<u>David B. Kaplan – Malicious Prosecution</u>)**

12. The defendants/plaintiffs-in-counterclaim, Warren
    Alexander and Odyssey Scallop Co., Inc., reaffirm
    and reiterate their allegations contained in
    paragraphs 1 through 11 inclusive and incorporate
    same by reference as though fully set forth
    herein.

13. At all times relevant herein, David B. Kaplan
    instituted the underlying cause of action against
    the Warren Alexander and Odyssey Scallop Co., Inc.
    as a malicious response to Russell Lee Brown's
    voluntary and willful termination of his business
    relationship with David B. Kaplan.

14. In commencing this cause of action against Warren
    Alexander and Odyssey Scallop Co., Inc., David B.
    Kaplan acted without probable cause.

15. As a result of the aforesaid act(s), Warren
    Alexander and Odyssey Scallop Co., Inc. have and
    will continue to incur damage to their reputation
    in the local business community, legal fees,
    expenses, and additional damages as will be shown
    at trial.

**WHEREFORE,** the defendants/plaintiffs-in-counterclaim,
Warren Alexander and Odyssey Scallop Co., Inc. pray that

this Court dismiss with prejudice the David B. Kaplan's underlying cause of action and enter judgment on their behalf against David B. Kaplan for the amount of their damages, plus interest, attorney's fees, costs and any further relief as this Court may deem just.

**COUNT II**
**(David B. Kaplan – Abuse of Process)**

16.   The defendants/plaintiffs-in-counterclaim, Warren Alexander and Odyssey Scallop Co., Inc., reaffirm and reiterate their allegations contained in paragraphs 1 through 15 inclusive and incorporate same by reference as though fully set forth herein.

17.   At all times relevant herein, David B. Kaplan instituted the underlying cause of action against Warren Alexander and Odyssey Scallop Co., Inc. utilizing service of process.

18.   In utilizing service of process upon Warren Alexander and Odyssey Scallop Co., Inc., David B. Kaplan acted for an ulterior and illegitimate purpose(s).

19.   As a result of the aforesaid act, Warren Alexander and Odyssey Scallop Co., Inc. have incurred and will continue to incur damage to their reputation

in the local business community, legal fees, expenses and additional damages as will be shown at trial.

**WHEREFORE,** the defendants/plaintiffs-in-counterclaim, Warren Alexander and Odyssey Scallop Co., Inc. pray that this Court dismiss with prejudice the David B. Kaplan's underlying cause of action and enter judgment on their behalf against David B. Kaplan for the amount of their damages, plus interest, attorney's fees, costs and any further relief as this Court may deem just.

The defendants/plaintiffs-in-counterclaim, Warren Alexander and Odyssey Scallop Co., Inc. *CLAIM TRIAL BY JURY* on all matters raised in the underlying and counterclaim causes of action.

By their attorneys,
**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
**BBO NO: 365540**
**Terence G. Kenneally**
**BBO NO: 642124**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  August 31, 2004