UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * *
DAVID B. KAPLAN, Esq.              *       C.A. NO.: 04-11475-NMG
                                   *
        Plaintiff                  *
                                   *
v.                                 *
                                   *
WARREN ALEXANDER,                  *
F/V ODYSSEY, and                   *
ODYSSEY SCALLOP CO., INC.          *
        Defendants                 *
* * * * * * * * * * * * * * * * * * * * * *
```

<u>PLAINTIFF, DAVID B. KAPLAN'S REPLY TO DEFENDANT WARREN</u>

<u>ALEXANDER AND ODYSSEY SCALLOP CO., INC.'S ANSWER AND</u>

<u>COUNTERCLAIMS</u>

Now comes the plaintiff, David B. Kaplan, Esquire, in the above entitled action, and files his Reply to the defendant's Counterclaims as follows:

1. The plaintiff admits the residence of Warren Alexander and the remaining allegations of Paragraph 1.

2. The plaintiff admits the allegations in Paragraph 2.

3. The plaintiff admits the allegations in Paragraph 3.

<u>JURISDICTION</u>

4. The plaintiff admits the allegations in Paragraph 4.

## FACTUAL BACKGROUND

5.  The plaintiff admits the allegations in Paragraph 5.

6.  The plaintiff denies the allegations in Paragraph 6.

7.  The plaintiff is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore deny the same.

8.  The plaintiff admits the allegations in Paragraph 8.

9.  The plaintiff admits the allegations in Paragraph 9.

10. The plaintiff denies the allegations in Paragraph 10.

11. The plaintiff admits that the defendants have retained counsel , but deny the remaining allegations in Paragraph 11.

## COUNT I
(David B. Kaplan, Malicious Prosecution)

12. The plaintiff reiterates and reaffirms his answers to the allegations set forth in Paragraphs 1 through 11 inclusive and incorporate the same as if fully set forth herein.

13. The plaintiff denies the allegations in Paragraph 13.

14. The plaintiff denies the allegations in Paragraph 14.

15. The plaintiff denies the allegations in Paragraph 15.

Wherefore, the plaintiff, David B. Kaplan prays that this Court dismiss with prejudice the defendant's counterclaim and enter judgment in favor of the plaintiff for the amount of his damages and any other further relief as this Court deems appropriate.

## COUNT II
(David B. Kaplan, Abuse of Process)

16. The plaintiff reiterates and reaffirms his answers to the allegations set forth in Paragraphs 1 through 16 inclusive and incorporate the same as if fully set forth herein.

17. The plaintiff admits the allegations in Paragraph 17.

18. The plaintiff denies the allegations in Paragraph 18.

19. The plaintiff is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny the same.

Wherefore, the plaintiff, David B. Kaplan prays that this Court dismiss with prejudice the defendant's counterclaim and enter judgment in favor of the plaintiff for the amount of his damages and any other further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Now comes the plaintiff and incorporates the following Affirmative Defenses into each Count of his Reply as more fully appears below.

### First Defense

The defendants fail to state a claim against the plaintiff upon which relief can be granted under Counts I and II because even though the underlying personal injury case (Docket Number 03-01096-GAO) has not been dismissed, the plaintiff has and continues to suffer damages due to the action of the defendants.

### Second Defense

The defendants fail to state a claim against the plaintiff upon which relief can be

granted under Count I because Mr. Russell Lee Brown never voluntarily, willfully, or knowingly terminated his business relationship with the plaintiff in the underlying personal injury case (Docket Number 03-01096-GAO). Rather, Mr. Brown was coerced, deceived, and/or lied to in an effort by the defendants into terminating this relationship.

### Third Defense

Under Count I, the plaintiff states that no damages were sustained as alleged to the defendants' reputation in the business community, fees, or other damages, and if it did, which is specifically denied, the defendants suffered damages through the defendant's own actions to improperly influence or coerce Mr. Russell Lee Brown and through no action of the plaintiff.

### Fourth Defense

Under Count II, the plaintiff states that no damages were sustained as alleged to the defendants' reputation in the business community, fees, or other damages, and if it did, which is specifically denied, the defendants suffered damages through the defendant's own actions to improperly influence or coerce Mr. Russell Lee Brown and through no action of the plaintiff.

### Fifth Defense

The plaintiff states that damages were and continue to be sustained due to the improper influence of and efforts to coerce Mr. Russell Lee Brown by the defendants and that these damages were caused with knowledge, privity, and the fault of the defendants, and that the defendants are not entitled to claim benefit of any and all laws and statutes of the United States, including but not limited to, Limitation of Liability pursuant to 46 USCA, App. § 183.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

                                        Respectfully submitted
                                        by his attorney,

                                        */s/ David B. Kaplan*
                                        DAVID B. KAPLAN #258540
                                        The Kaplan/Bond Group
                                        Boston Fish Pier
                                        West Building - Suite 304
                                        Boston, MA  02210
                                        (617) 261-0080

Dated:

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on 9/16/04.

*/s/ David B. Kaplan*